UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20702-CIV-ALTONAGA/White

**MAX DANIEL**,

    Movant,

vs.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Respondent, the United States of America's Motion for Reconsideration of the Court's Order of March 12, 2010, Rejecting the Magistrate Judge's Supplemental Report and Recommendation, and for an Order Reinstating the Court's Order Accepting in Whole Report of Magistrate Judge (the "Motion for Reconsideration") [D.E. 35], filed March 22, 2010. The Court has considered the parties' written submissions, the record, and the applicable law.

### I. BACKGROUND

This case presents a close call whether an amendment relates back under Federal Rule of Civil Procedure 15(c)(1)(B). On March 18, 2008, Movant, Max Daniel, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion to Vacate") [D.E. 1]. In the Motion to Vacate, Mr. Daniel alleged, *inter alia*, that his counsel was ineffective at sentencing because counsel failed to challenge the Court's subject-matter

Case No. 08-20702-CIV-ALTONAGA/White

jurisdiction to impose consecutive sentences.[1] (*See* Mot. to Vacate at 28–44). Specifically, Mr. Daniel alleged the indictment did not charge him with a violation of 18 U.S.C. § 924(c)(1)(C)(i), the only statute under which the Court could have imposed consecutive sentences. Mr. Daniel further asserted he "was never informed, via the indictment, that he was subject to consecutive 25 years [sic] sentences, and thus, he was never able to prepare a defense against an 18 U.S.C. § 924(c)(1)(A)(C)(i) offense." (*Id.* at 40).

In the Report of Magistrate Judge (the "Report") [D.E. 14], Magistrate Judge White recommended the Motion to Vacate be denied. Mr. Daniel, in his Objection to Magistrate Recommendation (the "First Objections") [D.E. 17], objected as follows:

> In the case sub judice, Mr. Daniel never received any notice whatsoever — informal or otherwise — from this Honorable Court and/or the Government that there was a possibility that he would be subject to a sentence of 55 years for conviction of possession of a firearm in furtherance of a drug trafficking crime. If Mr. Daniel would have been made aware of this potential — somewhat exorbitant — sentence, there is a strong possibility that Mr. Daniel would have pleaded guilty to reduce his sentencing exposure, benefiting [sic] from the bargain of contracting with the United States Government. . . .
>
> This Honorable Court and the Government are not solely at fault though. This is especially true, since regardless of what the Government and/or this Honorable Court did or did not do, his counsel was ineffective by not advising Mr. Daniel of the possibility that if he was convicted . . . this Honorable Court could impose consecutive enhanced sentences, for each count. Mr. Daniel's counsel should have advised Daniel of this possibility so that he could make a knowledgeable decision as to whether or not he want to plead guilty or go to trial. As a matter of fact, Mr. Daniel asserts that if he would have known that he could receive somewhere in the approximate range of 55 years upon being found guilty of the 18 U.S.C. § 924(c)(1)(A)(i) counts, that he would have immediately pleaded guilty to whatever the Government was willing to offer him. Yet, due to his counsel not advising him

---

[1] Mr. Daniel raised six other ineffective assistance of counsel claims, to which he does not assert the amended claim relates back.

2

> of the approximate statutorily enhanced sentencing range, he missed out on any benefit that a plea bargain with the Government would have gotten him. As such, Mr. Daniels [sic] should not be required to have to suffer such a long sentence, a sentence that he was never even made aware of the possibility that such a sentence was even possible until after he opted to go to trial, since if his counsel would have properly advised him, he would have negotiated a plea agreement with the Government . . . .

(First Objections at 17–19). The undersigned accepted the Report, but, based on this objection, re-referred the case to Magistrate Judge White for further report and recommendation on whether Mr. Daniel's counsel was ineffective by failing to disclose to Mr. Daniel the benefits of accepting the alleged plea offer. (*See* Mar. 11, 2009 Order [D.E. 21] at 5–6).

On January 21, 2010, Magistrate Judge White issued the Supplemental Report of Magistrate Judge (the "Supplemental Report") [D.E. 29]. Judge White recommended the Motion to Vacate be denied because: (1) the untimely claim raised in the First Objections does not relate back the claim raised in the Motion to Vacate; and (2) equitable tolling is not appropriate in this case. (*See* Supplemental Report at 6–8). The Court accepted in whole the Supplemental Report after Mr. Daniel failed to timely object. (*See* Feb. 12, 2010 Order [D.E. 30]). Mr. Daniel then advised the Court he had never received the Supplemental Report and requested additional time to file objections, which the Court granted. (*See* Feb. 24, 2010 Order [D.E. 32]).

Mr. Daniel filed his Objection to Magistrate's Supplemental Report of January 20, 2010 (the "Second Objections") [D.E. 33] on March 10, 2010. Mr. Daniel asserted the claim raised in the First Objections relates back to the claim raised in the Motion to Vacate because the "'common core of operative facts' is that he was, evidently, subject to consecutive sentences but he was never so informed." (Second Objections at 3). The Court agreed, and, before the United States filed a

Case No. 08-20702-CIV-ALTONAGA/White

response to the Second Objections, re-referred the matter to Magistrate Judge White for an evidentiary hearing. (*See* Mar. 12, 2010 Order [D.E. 34]). The United States now requests the Court reconsider the March 12 Order re-referring this matter to Magistrate Judge White. Since the United States did not have an opportunity to respond to the Second Objections, reconsideration is appropriate.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(c)(1)(B) provides "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

## III.  ANALYSIS

Mr. Daniel asserts the claim raised in the First Objections relates back to the claim raised in the Motion to Vacate because both claims arise from the fact that Mr. Daniel was never informed he was subject to consecutive sentences. For its part, the United States maintains the claims differ in both time and type under *Mayle*, and therefore the claim raised in the First Objections does not relate back to the Motion to Vacate.

In *Mayle* the Supreme Court clarified when an amended section 2254 habeas petition arises from the same "conduct, transaction, or occurrence" under Rule 15(c). It held: "An amended habeas petition . . . does not relate back (and therefore escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original

Case No. 08-20702-CIV-ALTONAGA/White

pleading set forth." 545 U.S. at 650. The Court further explained Rule 15(c) "allow[s] relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. The *Mayle* petitioner's amended claim did not relate back because he "targeted separate episodes" in his original petition and his amended petition: the first claim, a violation of the confrontation right, arose from a pretrial police interrogation of a witness; the second claim, a violation of the privilege against self-incrimination, arose from the petitioner's own interrogation at a different time and place. *Id.* at 660.

Two Eleventh Circuit cases illustrate the "time and type" rule for section 2254 habeas petitions and section 2255 motions to vacate. In the first case, *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), the movant, Davenport, asserted four claims in his original section 2255 motion challenging his conviction for two drug offenses: (1) the drugs were not crack cocaine because they did not contain sodium bicarbonate; (2) the calculated weight of the drugs, upon which his sentence was based, improperly included moisture in the cocaine base; (3) the government knowingly allowed a witness to perjure himself by stating he did not expect to receive benefits for testifying against Davenport; and (4) Davenport's counsel was ineffective because he failed to raise these issues. *Id.* at 1342–43. In the amended section 2255 motion, Davenport raised three additional ineffective assistance of counsel claims: (1) counsel allowed Davenport to be sentenced based on cocaine that was not part of the same course of conduct; (2) counsel relied on a summary lab report rather than request a complete lab report; and (3) counsel failed to advise Davenport of the possibility of a plea agreement. *Id.* at 1443. The first two amended claims did not relate back

5

Case No. 08-20702-CIV-ALTONAGA/White

because "[t]he original claims . . . dealt with the chemical makeup of the drugs," and "the amended claims addressed the relationship between the drug transactions and his counsel's having improperly relied on a one-page lab summary." *Id.* at 1346. And the third amended claim did not relate back because Davenport's original section 2255 motion did not mention any pretrial activity or inactivity regarding a plea agreement. *Id.*

In contrast, in *Dean v. United States*, 278 F.3d 1218 (11th Cir. 2002), the court held an amended claim relates back when it expands the facts to further specify the original claim. *Id.* at 1222. When the movant, Dean, filed his section 2255 motion, he included almost no facts but "clearly indicated that he needed to flesh-out his claims." *Id.* at 1221. Dean then filed an amended motion, which specified the factual basis for his claims. *Id.* For example, in the original motion Dean alleged: "Conviction obtained by use of Perjury Testimony and all parties failure to object." *Id.* at 1221. The amended motion, which related back, specified the government knowingly presented the perjured testimony of three witnesses. *Id.* Similarly, Dean's amended claim "that the court failed to make individual findings as to the amount of crack cocaine with which he was involved" related back to his original claim that "[a]ll parties mistaken believe [sic] and incorrect use of United States Sentencing Guideleines [sic] Sec. 1B1 and 3B1." *Id.* at 1223 (second and third alterations in original).

Here, Mr. Daniel's amended claim lies somewhere between those in *Davenport* and *Dean*. Unlike the claims in *Davenport*, Mr. Daniel's amended claim and original claim involve a common fact: Mr. Daniel was unaware that he was subject to consecutive sentences. And, unlike *Dean*, Mr. Daniel's amended claim goes farther than simply adding facts to bolster a legal theory. Mr. Daniel's

6

Case No. 08-20702-CIV-ALTONAGA/White

new ineffective assistance of counsel claim depends not only upon the indictment's failure to inform him that he was subject to consecutive sentences, but also on his counsel's failure to so advise him. In Mr. Daniel's view, if the indictment had informed him that he was subject to consecutive sentences, there would have been no need for his attorney to warn him; but since the indictment failed to inform Mr. Daniel, it was incumbent upon his attorney to do so. Nonetheless, under the "time and type" rule, the alleged defect in the indictment is a separate event from counsel's alleged failure to properly advise Mr. Daniel during plea negotiations, even though the cumulative effect is that Mr. Daniel simply did not know — because nothing or no one told him — that he was subject to consecutive sentences.

A First Circuit case is directly on point. In *United States v. Ciampi* the movant's original section 2255 motion claimed the district court had failed to inform him during the plea colloquy that he was waiving his right to an appeal. 419 F.3d 20, 22 (1st Cir. 2005). The motion, which Ciampi filed *pro se*, stated:

> Can the *court* accept such a waiver without informing the defendant in detail that such waiver would prevent the defendant from arguing any constitutional or jurisdictional defect found within the indictment? To compound [movant's] dilemma, he assumed the right to appeal was standard for all defendant(s), and that (sic) the waiver in the plea agreement was not fully explained to him.

*Id.* at 24 (emphasis and second alteration in original). In the amended motion, Ciampi claimed his counsel was ineffective during the plea process because counsel failed to discuss with him "that acceptance of the plea agreement would constitute a waiver of his appeal . . . rights." *Id.* at 23. The court held the amended claim did not relate back because it was not sufficient that "both sets of claims generally related to [Ciampi's] 'understanding' of his appellate waiver." *Id.* at 24; *see also*

7

Case No. 08-20702-CIV-ALTONAGA/White

*McLean v. United States*, No. 04-13534, 2005 WL 2172198, at *2 (11th Cir. 2005) (holding that an "amended claim regarding [] counsel's failure to show [movant] a videotape of a drug transaction, and the affect [sic] this would have had on plea negotiations," did not relate back to the original motion in which movant "complained throughout his pleadings that counsel did not adequately prepare for trial").

The movant in *Ciampi* also argued the court should broadly construe his assertion in the original motion that "the waiver in the plea agreement was not fully explained to him." But the court refused to "supply to omitted phrase 'by the court *or his attorney*," *id.* at 23–24 (emphasis in original), because the original motion did not mention Ciampi's attorney. *Id.* at 24. Rather, it focused on "whether the *district court* failed to make an adequate inquiry at the plea hearing." *Id.* (emphasis in original). Moreover, the court noted, Ciampi asserted another ineffective assistance of counsel claim in his original motion, which (1) suggested Ciampi, acting *pro se*, understood the elements of an ineffective assistance of counsel claim and (2) made the omission of a similar claim glaring. *Id.*

Here, like the *Ciampi* movant, Mr. Daniel asserts both claims generally relate to his failure to understand that he was subject to consecutive sentences. The original claim, however, focuses on the indictment; and the amended claim focuses on his attorney. Although *pro se* motions must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the original claim does not mention Mr. Daniel's attorney or the plea negotiations as a reason why Mr. Daniel did not know he was subject to consecutive sentences. Mr. Daniel simply asserts the district court lacked jurisdiction to sentence him because he "was never informed, via the indictment, that he was subject to

8

Case No. 08-20702-CIV-ALTONAGA/White

consecutive 25 years [sic] sentences." (Mot. to Vacate at 40). In addition, Mr. Daniel raised *six* other ineffective assistance of counsel claims in his original *pro se* motion. Like the *Ciampi* movant, Mr. Daniel apparently understood how to raise an ineffective assistance of counsel claim.

Mr. Daniel asserts a narrow reading of his original claim unfairly "[d]issect[s] his argument in 'law school' fashion." (Movant's Resp. to Mot. for Reconsideration [D.E. 37] at 3). And the undersigned recognizes a narrow reading penalizes Mr. Daniel for being too specific in his original claim. But the original claim gave the United States no notice that Mr. Daniel's counsel was being accused of ineffectiveness for failing to advise Mr. Daniel that he was subject to consecutive sentences. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) ("The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted."); *see also Davenport*, 217 F.3d at 1346 (rejecting an amended claim where the "original motion g[ave] no indication" of the amended claim); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) ("We cannot say that his original petition would provide notice of such a different sort of theory."). Nowhere in the original claim does Mr. Daniel mention his attorney or plea negotiations; and just because the indictment failed to inform Mr. Daniel that he was subject to consecutive sentences does not mean, *a fortiori*, Mr. Daniel's attorney also failed to so inform him. Mr. Daniel even recognizes that his counsel's ineffectiveness is independent from "what the Government and/or this Honorable Court did or did not do." (First Objections at 18).

In sum, Mr. Daniel's amended claim — that his counsel was ineffective for failing to advise him that he was subject to consecutive sentences — does not relate back to his original claim — that his counsel was ineffective for failing to challenge the court's subject matter jurisdiction. Even

Case No. 08-20702-CIV-ALTONAGA/White

though both claims generally relate to Mr. Daniel's assertion that he did not know he was subject to consecutive sentences, the claims arise from core facts different in both time and type. His original claim arises from what the indictment failed to include; and his amended claim arises from what his attorney failed to tell him during plea negotiations.

## IV.  CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Reconsideration **[D.E. 35]** is **GRANTED**.

2. The Supplemental Report **[D.E. 29]** is **ACCEPTED IN WHOLE**.

3. The Motion to Vacate **[D.E. 1]** is **DENIED**.

4. The Clerk shall **CLOSE** this case, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of May, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Max Daniel, *pro se*